UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62762-BLOOM/Valle

JAMES COLOSIMO,

    Plaintiff,
v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff commenced this action by filing a Complaint on November 13, 2018, ECF No. [1] ("Complaint"). For the reasons set for below, the Court lacks subject matter jurisdiction and dismisses the Complaint.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). Accordingly, "once a federal court determines

that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Plaintiffs must provide a statement of the grounds for the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends[.]"). Here, Plaintiff's Complaint asserts that "[o]riginal exclusive jurisdiction is conferred upon this Court pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq." ECF No. [1] at ¶ 4. However, Section 4001 creates no private cause of action. *See Segall v. Rapkin*, 875 F. Supp. 240, 241 (S.D.N.Y. 1995) ("Section 4001 creates no private right of action explicitly" and "[t]he purpose of Section 4001 does not impliedly create a private right of action"). Thus, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ.P. 12(h)(3).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;
2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record